|   |   |
|---|---|
| ANDRE GOGOL, | Case No.: 1:20-cv-01397-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. |   |
| M. TAFOYA, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 7) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Andre Gogol is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant action on October 1, 2020.

On October 6, 2020, the Court screened Plaintiff's complaint, found no cognizable claims were stated, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 5.) Plaintiff failed to file an amended complaint or otherwise communicate with the Court. Therefore, on January 5, 2021, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF No. 7.) Plaintiff has failed to respond to the Court's order to show cause and dismissal is warranted.

///

///

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## COMPLAINT ALLEGATIONS

The incidents alleged in the complaint occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"), Mule Creek State Prison "(MCSP"), or the Substance Abuse Treatment Facility, Corcoran ("SATF").

///

Plaintiff was involved in an altercation at KVSP and Defendants M. Tafoya, R. Sanchez, and R. Cavazos attempted to have Plaintiff become an informant and he refused. (Comp. at 5,[1] ECF No. 1.) Plaintiff alleges that in retaliation for his refusal to become an informant the officers falsely issued documents labeling him as an informant. (Id.)

On September 5, 2017, Plaintiff was transferred to MCSP which is known for housing informants. (Id.) Plaintiff explained that he did not belong in MCSP and in retaliation Defendants Vaden, Vega, Murrey, Stephens, and Roy attempted on two occasions to make Plaintiff go to the sensitive needs yard as an informant. (Id.) Plaintiff refused and alleges that in retaliation, documents were issued labeling him an informant. (Id.)

Plaintiff was released into the general population on the SATF C-Yard on November 16, 2017. (Id.) Defendants Tafoya, Sanchez, Cavazos from KVSP and Defendants Vaden, Vega, Murrey, Stephens, and Roy from MCSP attempted to make Plaintiff an informant once at KVSP and on two different occasions at MCSP. (Id.) Plaintiff was not aware that they had falsely issued documents labeling him an informant. (Id.) Plaintiff believed that the ICC was going to get the problem corrected before he was released to the general population. (Id. at 6-7.) Because the issue was not corrected, Plaintiff was targeted for assault. (Id. at 7.)

On June 19, 2018, Plaintiff was attacked and almost killed by unknown inmates due to the attempted retaliation by the named defendants. (Id.) Plaintiff was taken to the ICC and they acknowledged trying to make him an informant on two different occasions and said they would correct his 1030/128B. (Id.) Plaintiff is not a snitch and has never been a snitch. (Id.)

**III.**

**DISCUSSION**

**A.     Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, to state a claim, Plaintiff must link each named defendant to act or omission that caused the deprivation of his federal rights.

Plaintiff names as Defendants J. Attschuler, Correctional Segregation Authority; M. Hernandez, a correctional officer at KVSP; and M. Harris, a correctional sergeant at KVSP. However, the complaint is otherwise devoid of any factual allegations regarding what these defendants are alleged to have done to violate Plaintiff's federal rights. Plaintiff has failed to state a claim against Defendants Attschuler, Hernandez, and Harris.

**B.     First Amendment**

Plaintiff alleges cruel and unusual punishment in violation of the First Amendment, but it is the Eighth Amendment that prohibits cruel and unusual punishment. To the extent that Plaintiff is attempting to bring a claim under the First Amendment, he is provided with the following legal standards that would appear to apply based on the allegations in the complaint.

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Pell v. Procunier, 417 U.S. 817, 822 (1974) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948). However, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). In the First Amendment context, this means that prison inmates retain First Amendment rights that are not inconsistent with their status as a prisoner or with the legitimate penological objectives of the corrections system. Pell, 417 U.S. at 822.

In his complaint, Plaintiff alleges that Defendants Tafoya, Sanchez, and Cavazos retaliated against him for his refusal to become a confidential informant. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

4

some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Here, Plaintiff alleges that he refused to become a confidential informant, but it is not clear that the refusal to become a confidential informant is protected conduct that would support a First Amendment claim. Crockett v. Jensen, No. CV1600959PHXJJTJZB, 2018 WL 10809993, at *5 (D. Ariz. July 25, 2018), aff'd sub nom. Crockett v. Venalonzo, S.S.U., CO II, 771 F. App'x 393 (9th Cir. 2019). Further, Plaintiff makes conclusory allegations that documents were falsely created labeling him as an informant in retaliation for his refusing to agree to be an informant. However, the complaint is devoid of any factual allegations by which the Court can reasonably infer that the allegedly false reports were created because of Plaintiff's protected conduct, Iqbal, 556 U.S. at 678-79, nor is the allegation that "officers" issued documents sufficient to link any named defendants to the alleged retaliatory act. As alleged it is merely speculative that the documents were issued because of Plaintiff's conduct, and "[m]ere speculation that defendants acted out of retaliation is not sufficient" to state a claim. Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014).

Similarly, Plaintiff alleges that Defendants Vaden, Vega, Murrey, Stephens, and Roy attempted to have him go to the sensitive needs yard as an informant and he refused and thereafter documents issued labeling him a confidential informant. Plaintiff has failed to allege any facts that he was engaged in protected activity or more than mere speculation that is insufficient to state a cognizable claim. Plaintiff fails to state a cognizable claim for retaliation.

**B.     Fourteenth Amendment**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and

substantive due process.  Albright v. Oliver, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them.  Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998).  Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846.  The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' " Id. at 847.  "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense."  Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.' " Brittain, 451 F.3d at 990.  "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process.  Albright, 510 U.S. at 271-72.  To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government."  Brittain, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972).  "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000.  "(D)ue process is flexible and calls for such procedural protections as the particular situation demands."  Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

However, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); Lewis,

523 U.S. at 842. Here, Plaintiff is alleging that the defendants acted with deliberate indifference and failed to protect him. In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs Plaintiff's claims.

**C.     Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted).

1.     Deliberate Indifference to Conditions of Confinement

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

Here, Plaintiff alleges that he was falsely identified in documents as a snitch, but fails to allege any facts to indicate that any named defendant was aware of a substantial risk of harm and failed to act. Specifically, Plaintiff has vaguely alleged that he was housed in administrative segregation and on the sensitive needs yard until he was placed back in the general population on November 16, 2017, at SATF and he was subsequently attacked on June 19, 2018.

Although Plaintiff alleges that at KVSP, Defendants M. Tafoya, R. Sanchez, and R. Cavazos requested that he become a confidential informant and that later officers issued a document falsely stating he was a confidential informant, he has not alleged any facts to link any defendant to the allegedly

7

false document. Plaintiff alleges that officers or the defendants issued the allegedly false documents. But since Plaintiff fails to identify which specific defendants are referred to when he states "officers" or "defendants," Plaintiff's complaint fails to give fair notice of all of the allegations and claims directed against each separately named defendant. Gauvin v. Trombatore, 682 F.Supp.1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]"); see also Van Dyke Ford, Inc. v. Ford Motor Co., 399 F.Supp. 277, 284 (D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required … to enable the defendant to plead intelligently."). In other words, Plaintiff cannot state a claim by alleging that the Defendants issued false documents. Plaintiff needs to link each individual Defendant to the document and further must allege facts that would demonstrate that that specific Defendant was aware of the significant risk of harm to Plaintiff and a failure to act in response.

While it is unclear from the complaint when this occurred and why Plaintiff was later transferred to MCSP, the complaint does demonstrate that he was housed in some type of protective custody until he was released into the general population until November 16, 2017 at SATF. Based on the allegations in the complaint, Plaintiff has failed to allege any facts by which the Court could reasonably infer that the named defendants were aware that Plaintiff was at a substantial risk of harm due to the false designation that he was an informant and failed to act. Plaintiff has failed to state a claim for deliberate indifference against any named defendant.

2. Failure to Protect

Plaintiff also alleges a claim for failure to protect. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations

omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff's failure to protect claim would be based on the allegation that he was attacked while housed at SATF. However, Plaintiff is attempting to bring his claims against officers at other institutions who would not have been involved in the decision to place him in the general population at SATF. Further, the complaint does not include factual allegations regarding any individual who was involved in the decision to place him in the general population at SATF. Nor does the complaint contain any factual allegation by which the Court could reasonably infer that after he was released into the general population any named prison official was aware that Plaintiff was at a substantial risk of harm.

Specifically, Plaintiff alleges that he was attacked because inmates had found out that he had been labeled as a snitch, but there are no factual allegations that support this conclusory statement. Nor has Plaintiff included any allegations that any named defendant was aware that inmates had discovered that Plaintiff was an informant and were aware that he was at a substantial risk of harm after he had been released to the general population. Plaintiff has failed to state a plausible claim for failure to protect.

### D.     State Law Claims

Plaintiff alleges that he was harmed by the defendants' negligence and includes as an exhibit his Government Act claim form. It is unclear from the complaint whether Plaintiff is attempting to allege a state law claim.

The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 32 Cal.4th at 1239.

///

Here, Plaintiff has attached documents demonstrating that he did not comply with the requirements of the California Government Claims Act. While Plaintiff submitted a claim on July 4, 2019, (Claim Form, ECF No. 1 at 17-19), it was denied on September 23, 2019, for being presented more than one year after the June 19, 2018 incident, (9/23/19 Government Claims Program Letter, ECF No. 1 at 25).

The Government Claims Act provides that if an injured party fails to present a timely claim, the party can present a written application to the public entity for leave to present the claim. Cal. Gov't Code § 911.4(a). However, the application must be presented within a reasonable time, not to exceed one year after the accrual of the cause of action, and must state the reason for the delay in submitting the claim. Cal. Gov't Code § 911.4(b). If the agency denies the application to present a late claim, the party may petition to the court for an order of relief. Cal. Gov't Code § 946.6(a). The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." Bodde, 32 Cal.4th at 1239; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Here, it appears that Plaintiff did request to file a late claim but it is unclear whether this was in his original claim form or if he has only provided a portion of a later request. (See ECF No. 1 at 24.) However, regardless of whether the claim was presented in the original claim form or was part of a later request, to the extent that his claim was denied, "[t]he proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov't Code § 946.6(a) (emphasis added). The federal court is not the proper court to hear Plaintiff's section 946.6 petition. Hernandez v. McClanahan, 996 F.Supp. 975, 978 (N.D. Cal. 1998). "Although the Ninth Circuit has not interpreted § 946.6, most California District Courts interpret § 946.6(a) as meaning that only state superior courts, and not federal district courts, may grant relief from Government Code § 945.4." Hill v. City of Clovis, No. 1:11-CV-1391 AWI SMS, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012), on reconsideration in part sub nom. Hill v. Clovis Police Dep't, No. 1:11-CV-1391 AWI SMS, 2012 WL 1833880 (E.D. Cal. May 18, 2012) (collecting cases); Medina v. Lopez, No. 1:14-CV-01850-GSA PC, 2015 WL 1405284, at *3 (E.D. Cal. Mar. 26, 2015); Dasenbrock v. Enenmoh, No. 111CV01884DADGSAPC, 2017 WL 1351109, at *2 (E.D. Cal. Jan. 20, 2017); San

Diego Branch of Nat'l Ass'n for the Advancement of Colored People v. Cty. of San Diego, No. 16-CV-2575-JLS (BGS), 2017 WL 5194579, at *2 (S.D. Cal. Nov. 9, 2017).  Since the language of section 946.6(a) states that the proper court to hear a claim based on the denial of a petition to submit a late claim is the superior court, the Court agrees with the majority of courts that have found that the proper court to consider Plaintiff's petition for relief from California Government Code, section 945.4 is the California superior court.  This court does not have the authority to grant a petition for relief under section 946(a).

Therefore, Plaintiff's state law claim is barred until his request to submit a late claim is granted or his petition for relief from the presentation requirement is granted by a superior court.

### Iv.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on October 6, 2020, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 5.) Plaintiff did not file an amended complaint or otherwise respond to the Court's October 6, 2020 order. Therefore, on January 5, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 7.)  Plaintiff failed to respond to the January 5, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of October 6, 2020 and has not done so. Accordingly, the operative pleading is the October 1, 2020 complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

   Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's October 6, 2020 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 5.)  In addition, the Court's January 5, 2021, order to show cause specifically stated: "<u>Plaintiff is warned that failure to comply with this order will result in a recommendation to a district judge that the instant action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a cognizable claim for relief</u>."  (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.
## CONCLUSION AND RECOMMENDATION

   The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim.  Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the October 6, 2020 and January 5, 2021 orders, and failure to prosecute this action.

   Accordingly, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

   Further, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

   This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings

and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2021**

UNITED STATES MAGISTRATE JUDGE